UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

COLUMBIA SNAKE RIVER IRRIGATORS ASSOCIATION, individually and on behalf of the System 1 Project Participants,

Plaintiff,

v.

UNITED STATES BUREAU OF RECLAMATION; ESTEVAN LOPEZ, in his official capacity as Commissioner for the US Bureau of Reclamation; and LORRI LEE, in her official capacity as Pacific Northwest Regional Director the US Bureau of Reclamation,

Defendants.

NO: 4:15-CV-5039-RMP

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

BEFORE THE COURT is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 7. The Court has reviewed the record and the pleadings and is fully informed.

\\

\\

BACKGROUND

This case concerns the future of the Columbia Basin Project ("CBP"), a Bureau of Reclamation ("BOR") water development project in Central Washington State. The largest of its kind, the CBP encompasses 1,029,000 acres, is a crucial element of Washington agriculture, and dates back to the 1930s. Plaintiff in this matter, the Columbia Snake River Irrigators Association ("CSRIA"), is a Washington nonprofit corporation representing the interests of a number of irrigators in the CBP-covered region. There are three districts currently receiving BOR water, and the one that is relevant to the present action is the East Columbia Basin Irrigation District (ECBID). ECBID has a relationship with the BOR that has been built over decades and is characterized by cooperation and continuing contractual obligations.

Irrigators have long relied on groundwater permits to supply their agricultural needs in an area now referred to as the Odessa Groundwater Management Subarea ("Odessa"). In the late 1960s, the Washington State Department of Ecology ("Ecology") recognized the risk of significant harm to the region if the wells there are depleted without a substitute source of water. In light of that risk, Ecology, along with the BOR and the relevant irrigation districts, actively sought out alternatives to provide surface water to the region.

There is no dispute over the importance of the CBP's future and of the dire consequences of a failure to remedy the impending depletion of a crucial source of

irrigation water. In light of these concerns, the three affected irrigation districts, the BOR, and Ecology entered into a Memorandum of Understanding in 2004, thereby committing to study the environmental impacts of replacing well sources with surface water. In 2012, the BOR and Ecology issued their findings in a Final Environmental Impact Study and set out with the goal of pursuing viable alternatives to depleting wells. *See also*, ECF No. 8-1 (Amended Record of Decision).

After conducting significant research and analyses, CSRIA submitted a proposal to the BOR and Ecology, the "System 1 Proposal," which they believe represents the only viable and efficient way to advance the goals of all parties interested in the future of irrigation in the Odessa region. The nature of the BOR and Ecology's responses are the subject of the dispute in this case. CSRIA contends that the responses are a "final decision" of the BOR and subject to judicial review. The BOR denies that the responses amounted to a "final decision."

CSRIA argues that it has "made every reasonable attempt to work collaboratively with the agencies," ECF No. 1 at 12, that it "reached agreement" with Ecology that their plan was legal, *id.*, and that the BOR has only responded with what CSRIA repeatedly refers to as "arbitrary and capricious" conduct. On March 5, 2015, the BOR sent Plaintiff a letter detailing concerns about the viability of its proposal, stating:

> As we have communicated, a large portion of the land participating in CSRIA's System 1 Project does not meet Program eligibility criteria. If you desire to continue your efforts we encourage you to adhere to the eligibility criteria established by all agencies for program implementation. To that end, we encourage you to work in collaboration with the ECBID, to provide your infrastructure suggestions so that they can be coordinated with District efforts and operation and maintenance of transferred Project works which will require ECBID's and Reclamation's acceptance.

ECF No. 8-9 at 2.

Plaintiff interpreted this letter as final agency action subject to judicial review and communicated its interpretation of the letter as a "final denial" by letter on March 16, 2015. *See* ECF No. 8-10. Despite Defendants' letter sent two days later clarifying that the March 5th letter was not intended to serve as a final denial, ECF No. 8-11, Plaintiff urges this Court to consider the BOR's March 5, 2015, letter as a final denial and to allow Plaintiff to proceed with this suit. In addition, Plaintiff argues that "Bureau's response to the System 1 Project is motivated in material part by improper political interference from proponents of the District's competing project," *id.* at 23, that the BOR's actions are arbitrary and capricious, and that Court intervention is therefore necessary.

Plaintiff seeks two primary forms of relief from this Court: (1) a declaratory judgment correcting the BOR's purported errors of law that it uses to justify its hesitation to accept CSRIA's proposal, and (2) an order setting aside the BOR's determinations and finding that agency action has been wrongfully withheld. *See generally* ECF No. 1. Importantly, Plaintiff recognizes that it is not entitled to a

contract with the BOR, but argues that it is entitled to an order mandating that the BOR "exercise their contracting discretion in a manner which is not arbitrary, capricious and contrary to law." ECF No. 12 at 3.

Defendants contend that this case is not justiciable because there is no case or controversy and Plaintiff is seeking an advisory opinion; that the United States has not waived sovereign immunity in this matter; and that this case is not ripe for adjudication because there is no final order by the BOR.

ANALYSIS

"Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685, (9th Circ. 2009) *citing Rattlesnake Coal v. E.P.A.*, 509 F.3d 1095, 1102 n.2 (9th Cir. 2007). Even if this Court has subject-matter jurisdiction under a statutory grant, the federal government cannot be sued unless it has expressly consented to suit. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007). Consent to suit, or waiver of sovereign immunity, cannot be implied, must be unequivocally expressed, and must be strictly construed in favor of the sovereign. *Dunn & Black*, 492 F.3d at 1088; *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Jurisdictional challenges made pursuant to FED. R. CIV. P. 12(b)(1) can be either facial, confining the court's inquiry to allegations in the complaint, or factual, wherein the court considers evidence beyond the complaint. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n.2

(9th Cir. 2003). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

In this case, there is a factual issue relevant to the issue of ripeness and jurisdiction: whether the BOR's March 5, 2015, letter is a final action subject to judicial review. The parties have submitted evidence beyond the complaint to support their relative positions on this issue, and Plaintiff relies on a number of bases to support the Court's jurisdiction in this case while refuting any applicability of the BOR's sovereign immunity.

First, Plaintiff cites to the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), and argues that the APA waives sovereign immunity where the claims are "not for money damages, no adequate remedy may be found in any other statute and the claims do not seek relief expressly or impliedly forbidden by another statute." *See* ECF No. 1 at 3. Plaintiff also argues that 43 U.S.C. § 390uu supports a finding of waiver that would allow this Court to "adjudicate, confirm, validate, or decree" the contractual rights of the parties herein. *Id.* (citing 43 U.S.C. § 390uu).

The APA allows judicial review of a case where a plaintiff suffers "legal wrong because of agency action, or [is] adversely affected or aggrieved by agency

action within the meaning of a relevant statute." 5 U.S.C. § 702. The section of the statute in 5 U.S.C. § 704 clarifies that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." Therefore, finality is a jurisdictional requirement to obtaining judicial review under the APA. *See Fairbanks N. Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586, 591 (9th Cir. 2008). The Ninth Circuit has clarified that in assessing whether or not an agency "action" is sufficiently final, the courts shall "look to whether the action 'amounts to a definitive statement of the agency's position' or 'has a direct and immediate effect on the day-to-day operations' of the subject party, or if 'immediate compliance [with the terms] is expected.'" *Oregon Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006) (quoting *Indus. Customers of NW Utils. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir. 2005)).

Plaintiff asserts that the BOR's letter dated March 5, 2015, was final agency action because it was a denial of the System 1 Proposal that resulted from the BOR's misinterpretations of relevant laws. However, the BOR's March 5th letter does not have a "direct or immediate effect on the day-to-day operations" of the Plaintiff. *See id*. The plain terms of the March 5th letter signal that no final agency action was taken as of March 5, 2015. After reviewing the significant filings in this case, the Court concludes that there is no final agency action by the BOR subject to judicial review.

The communications between the BOR and CSRIA are characterized by the Bureau's numerous attempts to proceed while also stating its concerns regarding the viability of the System 1 Proposal in the precise manner that it was presented by CSRIA. Despite Plaintiff's characterizing these efforts as arbitrary and capricious attempts to "wait until the Odessa Subarea returns to natural desert before acting," ECF No. 12 at 10, the record instead demonstrates an agency's good faith attempts to adhere to a complex statutory scheme while proceeding with a necessary irrigation project. For example, the BOR's concerns regarding state water rights have been validated by the Washington State Attorney General's office, whose attorney representative is uniquely qualified to advise the BOR on the requisite state water permits applicable to the Odessa projects.

Furthermore, the concerns that the BOR has raised have not yet resulted in a final decision, and the plain language of the March 5th letter demonstrates that the BOR stands ready and willing to proceed with proposed projects that adhere to proper protocols in line with Ecology's recommendations. It is not the role of the judiciary to step into the middle of the BOR's deliberative process and to question the concerns they raise in weighing different options to address a dire need that is completely within the purview of their expertise. *See Ecology Ctr., Inc. v. United States Forest Serv.*, 192 F.3d 922, 924 (9th Cir. 1999) ("Courts are generally precluded, under the ripeness doctrine, from prematurely adjudicating administrative matters until the proper agency has formalized its decision making

process." (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967))). Plaintiff may be correct that no additional environmental analysis is necessary, or that necessary water law permits (which Plaintiff has not yet obtained) may eventually be issued to allow a similar plan to occur, but those issues are not yet reviewable by this Court. The Court will not question the intermediate steps that the BOR takes as it moves toward selecting a plan that will serve irrigation needs while complying with statutory requirements.

Pursuant to 5 U.S.C. § 706(1), Plaintiff also asks this Court to "compel agency action unlawfully withheld or unreasonably delayed." *See* ECF No. 1 at 28. Despite citing case-law for standards applicable to § 706(1) claims, Plaintiff fails to provide any authority supporting its argument that the BOR has unlawfully withheld or delayed action simply because it will not accept the System 1 Proposal as offered, and as quickly, as CSRIA would like.

Additionally, the APA does not allow judicial review of actions that are "committed to agency discretion by law." *See* 5 U.S.C. § 701(a)(2). Regarding "water service contracts," 43 U.S.C. § 485(h)(e) provides:

> In lieu of entering into a repayment contract pursuant to the provisions of subsection (d) of this section to cover that part of the cost of the construction of works connected with water supply and allocated to irrigation, the Secretary, in his discretion, may enter into either short- or long-term contracts to furnish water for irrigation purposes.

43 U.S.C. § 485(h)(e). The determination of whether agency action has been "'committed to agency discretion by law' has been narrowly interpreted so that it

deprives the court of jurisdiction to review agency actions only in those rare instances 'where statutes are drawn in such broad terms that in a given case there is no law to apply." *Strickland v. Morton*, 519 F.2d 467, 468 (9th Cir. 1975) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)).

Plaintiff misconstrues Defendants' argument that there is no law to apply to review the BOR's contracting decisions when it argues that this Court should apply the laws that the BOR is allegedly misinterpreting. *See* ECF No. 12 at 6-7. The relevant inquiry is whether or not there is law to limit the BOR's discretion in negotiating a contract regarding the System 1 Proposal and choosing a course of action for the Odessa irrigation issues. *See Strickland*, 519 F.2d at 468. Plaintiff does not provide any such law and there is no applicable standard to assess the validity of the BOR's actions. This Court will not step into the province of the BOR to supplant its own judgment for that of an agency still considering the best course of action in a complex arena.

Plaintiff also cites to 43 U.S.C. § 390uu to establish that the BOR has waived sovereign immunity. In relevant part, § 390uu states that "[c]onsent is given to join the United States as a necessary party defendant in any suit to adjudicate, confirm, validate, or decree the contractual rights of a contracting entity and the United States regarding any contract executed pursuant to Federal reclamation law."

The U.S. Supreme Court has interpreted § 390uu, holding:

> This language is best interpreted to grant consent to join the United States in an action between other parties—for example, two water districts, or a water district and its members—when the action requires construction of a reclamation contract and joinder of the United States is necessary. It does not permit a plaintiff to sue the United States alone.

*Orff v. United States*, 545 U.S. 596, 602 (2005).

Under *Orff*, waiver of sovereign immunity pursuant to § 390uu can only be established when the government is a necessary party to a lawsuit and where contractual privity exists between the United States and a plaintiff. *Id.* Apparently not recognizing the deficiencies of its argument, Plaintiff seeks leave to implead ECBID to enable § 390uu to provide jurisdiction over this case. *See* ECF No. 12 at 16-17. However, even if Plaintiff was allowed to amend the complaint, there would not be a waiver of sovereign immunity under § 390uu. This statute is inapplicable here because there is no contract between Plaintiff and the United States, and Plaintiff has not established its right to one. The statute is intended to enable the government to be added into a case between two parties that are in contractual privity when the government is a necessary party due to its involvement in that contract. The statute does not reference waiving sovereign immunity to allow a plaintiff to have its rights declared when it has simply proposed a contract and takes issue with the government's less-than-enthusiastic response.

In examining the justiciability factors of this case, the Court notes that Plaintiff asserts standing to "vindicate environmental interests in efficient Columbia River water use." ECF No. 1 at 4. To establish standing, Plaintiff must have suffered an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and "that it be likely, as opposed to merely speculative, that injury will be redressed by a favorable decision." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). By Plaintiff's own admission, "CSRIA merely seeks declarations correcting defendant's serious errors of law and contract construction, and remanding the ultimate contracting decision for consideration in accordance with the law." ECF No. 12 at 20. Plaintiff's own characterization of its claims calls into doubt whether or not Plaintiff has or will suffer an injury in fact that could be redressed by a Court's declaration directing the BOR to use its discretion lawfully.

Plaintiff brought four different claims pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, requesting that this Court hold that the BOR has erred in its interpretations of laws relevant to the System 1 Proposal. *See* ECF No. 1 at 24-27. "The Declaratory Judgment Act, 28 U.S.C. § 2201, does not itself confer federal subject matter jurisdiction." *Fid. & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979) (citing *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667 (1950)). "It has always been, and now is, essential to the maintenance of a declaratory relief action that there be an actual controversy in existence." *Garcia v. Brownell*, 236

F.2d 356, 357 (9th Cir. 1956); *see also* U.S. CONST. art. III, § 2, cl. 1. The Declaratory Judgment Act simply provides an additional remedy where jurisdiction already exists. *See* 28 U.S.C. § 2201. In light of this Court's finding that it lacks jurisdiction over Plaintiff's claims, its request for declaratory judgments are likewise denied.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, **ECF No. 7**, is **GRANTED**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** this 2nd day of February 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge